UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

DECKERS OUTDOOR CORPORATION, )
)
Plaintiff, )
)
v. )     No.:   3:25-CV-194-TAV-DCP
)
STAND OUT FOR GOOD, INC., and )
DOES 1-10, inclusive, )
)
Defendants. )

STAND OUT FOR GOOD, INC., )
)
Counter-Claimant, )
v. )
)
DECKERS OUTDOOR CORPORATION, )
)
Counter-Defendant. )

STAND OUT FOR GOOD, INC., )
)
Third-Party Plaintiff, )
v. )
)
MATISSE FOOTWEAR, INC., )
)
Third-Party Defendant. )

## MEMORANDUM OPINION AND ORDER

This civil case is before the Court on defendant/counter-claimant/third-party plaintiff Stand Out for Good, Inc.'s (hereinafter "defendant") Motion to Amend Schedule [Doc. 67], in which defendant seeks to amend the scheduling order to include deadlines for claim construction proceedings related to plaintiff/counter-defendant Deckers Outdoor

Corporation's (hereinafter "plaintiff") alleged design patent. In support, defendant submits a proposed amendment to the scheduling order, which defendant asserts would "fit within the framework of the overall case schedule set forth in the Scheduling Order without modification to any pre-existing deadline" [*Id.* at 2]. Defendant represents that there is good cause to amend the scheduling order because "trial courts have a duty to conduct claim construction in design patent cases" [*Id.* (citation omitted))].

Subsequently, defendant and Matisse Footwear, Inc. (hereinafter "third-party defendant") filed a Joint Stipulation Concerning Claim Construction [Doc. 69], stipulating that claim construction was necessary to resolve the patent issues before the Court.

Plaintiff responds, arguing that defendant and third-party defendant have failed to demonstrate good cause for amending the scheduling order [Doc. 71]. First, plaintiff contends that defendant and third-party defendant were not diligent because they did not seek claim construction during the various "pivotal procedural stages" in this case [*Id.* at 8]. Plaintiff asserts that defendant and third-party defendant "seek to derail the mutually agreed upon litigation timeline for a wholly unnecessary claim construction that risks confusing the issues in this case to [plaintiff's] detriment" [*Id.*]. Additionally, plaintiff asserts that "the addition of a full claim construction phase, including a joint prehearing statement, three rounds of briefing, and a hearing, would impose substantial new obligations on the parties" [*Id.*]. Second, plaintiff argues that claim construction is not helpful or necessary in this case [*Id.* at 10–13]. Plaintiff contends that many courts have repeatedly resolved design patent disputes without conducting formal claim construction proceedings [*Id.* at 11–12]. Further, plaintiff argues that courts have repeatedly held that

2

plaintiffs' design patents, including the one at issue here, do not require formal claim construction [*Id.* at 12]. Plaintiff also contends that the figures for the patent at issue "clearly and unambiguously depict the claimed invention" and thus, a detail verbal description of the patent is not necessary or helpful [*Id.* at 12–13].

Defendant replies that: (1) the motion is diligent, and the claim construction is within the bounds of the current scheduling order; and (2) the motion is necessary to resolve questions of law at issue with the patent at issue [Doc. 73, pp. 5–13]. First, defendant submits that its motion is timely because it was brought prior to the close of fact discovery, and there is no time required by which claim construction must occur in this district [*Id.* at 5–6]. Further, defendant notes that it seeks "to amend the case management order to add claim construction briefing, not push back any existing deadlines[,]" the parties are still engaged in discovery, and no relevant deadlines have elapsed [*Id.* at 6]. Defendant also argues that claim construction is necessary because there is a dispute between the parties over the scope of the patent claim [*Id.* at 8–9]. Specifically, defendant maintains that the patent at issue "is indefinite and contains both functional non-functional elements" [*Id.* at 10]. As such, defendant asserts that claim construction is needed to limit and/or clarify the scope of the patent to identify ornamental/functional elements and to give guidance on what the drawings do or do not claim [*Id.*].

As an initial matter, the Court notes that "trial courts have a duty to conduct claim construction in design patent cases[.]" *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (citing *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995)). To determine whether a design patent has been infringed, "the claim [must] be

3

properly construed to determine its meaning and scope." *Elmer*, 67 F.3d at 1577. Moreover, "[a] design patent protects the nonfunctional aspects of an ornamental design as shown in the patent." *Id.* (citing *Keystone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993)); *see Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188–89 (Fed. Cir. 1988) ("[I]t is the non-functional, design aspects that are pertinent to determinations of infringement.") (footnote omitted)).

"Where a design contains both functional and non-functional elements, the scope of the claim *must be construed* in order to identify the non-functional aspects of the design as shown in the patent." *OddzOn Products, Inc., v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997) (citing *Lee*, 838 F.2d at 1188) (emphasis added)); *see also 523 IP LLC v. CureMD.Com*, 48 F. Supp. 3d 600, 611 (S.D.N.Y. 2014) ("Claim construction is required before a determination regarding infringement can be made where there is a dispute between the parties over claim meaning.").

Here, plaintiff raised a patent infringement claim in its amended complaint, and defendant raised several defenses based, in part, on functional and indefiniteness grounds [Doc. 42, pp. 28–29; Doc. 46, pp. 48–52]. Furthermore, defendant's Motion to Amend [Doc. 67] is not untimely because there is no deadline in this Court for when a party must seek a formal claim construction process. Given the parties' disagreement about the scope of the patent at issue and the Court's duty to conduct claim construction in patent cases, the Court finds that claim construction is appropriate in this case.

Accordingly, for good cause shown, defendant's Motion to Amend Schedule [Doc. 67] is **GRANTED** to the extent that the scheduling order will be amended to include claim

4

construction proceedings. As a result, the parties' Joint Motion to Amend Scheduling Order [Doc. 83] is **GRANTED** to the extent that the scheduling order will be modified, but the proposed dates are **DENIED**. Therefore, the parties are **DIRECTED** to file a joint amended scheduling order **within ten (10) days** of this order, including the following claim construction deadlines, and any other revised deadlines:

1. Plaintiff's deadline to file claim construction brief;

2. Defendant's deadline to file responsive claim construction brief; and

3. Plaintiff's deadline to file reply claim construction brief.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
